Opinion by
Jacobs, J.,
In this appeal the Commonwealth, as appellant, challenges a lower court order sustaining defendant’s demurrer to the Commonwealth’s evidence. For the reasons that follow we reverse.
The evidence adduced at defendant’s trial for possession of narcotic drugs was a crime-laboratory report and the testimony of the arresting officer. The officer explained the circumstances, which are not now in issue, surrounding his acquisition of an envelope belonging to the defendant. The laboratory report disclosed the presence of marijuana in this envelope. The envelope and the marijuana, however, were not produced at trial, they having been destroyed by the crime laboratory.
The defendant stipulated to the accuracy and admissibility of the laboratory report. However, he demurred to the Commonwealth’s evidence on the ground that production of the envelope itself and its contents was a necessary element of the Commonwealth’s case. The trial court sustained defendant’s demurrer on the basis that defendant was denied his asserted right to be confronted firsthand with the physical evidence against him.
In sustaining defendant’s demurrer, the court below was in error. The present case is governed by our previous decision in Commonwealth v. Gazal, 185 Pa. Superior Ct. 91, 137 A.2d 814 (1958), wherein we rejected as without merit a claim similar to the one pressed by the present defendant.
*280 In Gazal the defendant was tried for operating a lottery and possession of numbers slips. At trial the Commonwealth was unable to produce the slips which had been taken from the defendant at the time of his arrest. Instead, the arresting officers described the slips and identified them as numbers slips. Appealing from his subsequent conviction, the defendant contended that only the numbers slips themselves could be admitted to prove his possession of them. However, in affirming his conviction we held that there exists no such rule as expounded by the defendant which would automatically necessitate his acquittal upon the Commonwealth’s failure to produce physical evidence shown to be unavailable.
For the same reasons as set forth in Gaml, we are unable to agree with the proposition advanced by the defendant in the present case. The Commonwealth’s inability to produce the envelope and its contents may have weakened its case, but it did not destroy it; the remaining evidence admitted at trial was certainly sufficient to withstand a demurrer.
The order of the lower court is reversed with a procedendo.