Concurring Opinion by
Spaulding, J.:
I concur with the result reached by the majority, but believe that factors not raised in the majority opinion should be discussed.
First, the majority assumes that the subject of controversy here is both the brown envelope and the marijuana which it allegedly contained. However, the opinion of the court below indicates that its decision to grant the demurrer was based on the Commonwealth’s failure to produce the brown envelope alone. By lumping together the two items — the envelope and the drugs —the majority fails to focus on the precise issue raised *281 in this case, and overlooks the unique problems presented by each type of evidence.
The majority relies upon Commonwealth v. Gazal, 185 Pa., Superior Ct. 91, 137 A. 2d 814 (1958), in concluding that, there having been no indication of fraud or wilfull withholding, the Commonwealth was not required to produce the envelope or marijuana in order to sustain its case against the appellee.[1] With regard to the envelope, I believe that reliance on the Gazal opinion is justified. However, I think it incumbent upon this Court to answer the trial court’s assertion that it was constitutionally precluded from considering the testimony concerning the connection between the envelope and the alleged crime unless the envelope itself was produced.[2]
*282 Exclusion of prosecutorial testimony where the tangible evidence which was the basis for the testimony was absent is not without precedent. In the case of Johnson v. State of Florida, 249 So. 2d 470 (1971), cited by the court below, the Florida Court of Appeals found reversible error in the trial court’s denial of a motion to suppress the testimony of a ballistics expert that the markings on a bullet taken from the body of a murder victim corresponded to the markings on a pistol with which the appellant was armed, where the state failed to produce the bullet for examination by appellant or his own expert.[3] With this result I agree: allowing the state to bring in testimony based on physical evidence within its exclusive control while denying a defendant the opportunity to examine physical evidence amounts to a denial of due process when the opportunity to examine is crucial to defendant’s ability to effectively impeach or contradict the state’s witness, and when the physical evidence operates to establish an element of the crime or a direct link between the defendant and the crime alleged.
However, the present case seems distinguishable from the situation presented in Johnson v. Florida, supra. The envelope was not, per se, the nexus between the appellee and the alleged criminal act: the record indicates no distinguishing features or markings on the envelope which would lead the police or a jury to infer any possessory interest on the part of appellant in the drugs the envelope allegedly contained. It was the officer’s purported observation of the envelope leaving appellee’s right hand, not the envelope itself, which raised the inference of possession. Moreover, the presence of the envelope would not appreciably enhance the ability *283 of defense counsel to cross-examine the police officer concerning his statement that he saw appellee drop a brown envelope which he (the officer) picked up a few seconds later and found to contain what appeared to be green vegetable matter. Even if there would have been some utility in the presence of the envelope for purposes of cross-examination, the usefulness would not have been so significant as to render unfair a proceeding where the envelope was not produced.
I would therefore conclude that no constitutional requirement would have been compromised by consideration of the police officer’s testimony absent the presence of the envelope.
Hoffman and Cercone, JJ., join in this concurring opinion.

 Federal courts have adopted a similar posture, as indicated by holdings that federal agents could testify concerning the contents of jugs and containers used in an alleged bootlegging operation, and to the fact that certain jugs and containers bore no liquor tax stamps, absent the production of the containers themselves. Driggers v. U. S., 384 F. 2d 158 (1967) ; Burney v. U. S., 339 F. 2d 91 (1964).

 The trial court invokes the Sixth Amendment right to confront and cross-examine witnesses as the basis for his granting the demurrer. He contends that the amendment assumes that the right to cross-examine must be effective, and that this effectiveness was compromised by the failure of the Commonwealth to produce the evidence allegedly seized from appellee. If the issue here reaches constitutional dimensions at all, I do not think it is on the basis of the Sixth Amendment. No hearsay testimony is involved here, only the in-court testimony of the police officer. Moreover, the evidence here is not of a testimonial nature. Even where there was an unproduced report which was the basis of conclusions made by an expert witness, no violation of the confrontation clause was found, since the expert was available at the time of trial for cross-examination and probing of the authenticity of his sources. U. S. v. Williams, 447 F. 2d 1285 (1971). If the issue here comes within a constitutional rubric, it would be the Due Process Clause of the Fourteenth Amendment, rather than the Sixth Amendment.

 The Florida court based its determination on the requirements of the Florida Rules of Criminal Procedure and the Confrontation Clause. As indicated by footnote 2, supra, I believe the reliance on the Confrontation Clause to be misplaced.