565 A.2d 1230

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lewis DEANS.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1989.

Filed Nov. 16, 1989.

Brian P. Gottlieb, Dist. Atty. Gen., Philadelphia, for Com., appellant.

Helen A. Marinc, Asst. Public Defender, Philadelphia, for appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

TAMILIA, Judge:

The Commonwealth brings this appeal from the trial court's January 13, 1989 Order granting appellee's motion to suppress expert testimony that a lottery ticket was altered.

Police arrested and charged appellee with forgery[1] for attempting four years earlier to collect a $75,000 prize on an allegedly altered Pennsylvania lottery ticket. On the scheduled day of trial, appellee filed a motion to dismiss and motion in limine alleging that because the Commonwealth had lost and could not produce the original lottery ticket for his examination, he was in effect precluded from properly defending the case against him.[2] The trial court denied the motion to dismiss but granted in part the motion in limine, thereby suppressing expert testimony that a portion of the ticket was not an integral part of the original ticket. The trial court made its decision based on the Commonwealth's failure, by losing the ticket, to provide appellee with adequate tools to defend himself (*see* Slip Op., Greenspan, J., 5/2/89).

This case comes to us on appeal after the Commonwealth made a good faith certification that the trial court's suppression terminates or substantially handicaps its prosecution. *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985). The sole issue on appeal is whether the trial court erred in suppressing expert testimony about the alleged

1. 18 Pa.C.S. § 4101.
2. Footnote 1 of the trial court's Opinion notes:
   The defense first challenged the absence of the ticket at the preliminary hearing and thereafter repeatedly sought relief because the original ticket was missing. Indeed, although the preliminary hearing judge reluctantly accepted testimony concerning the ticket he warned the Commonwealth: "at the time of trial you may have difficulty." N.T. 2/23/88: 14–15, 18.
   Slip Op., Greenspan, J., 5/2/89, p. 2.

alteration of a lottery ticket where the ticket was lost and therefore unavailable to the defense for independent examination.

Appellant contends introduction of the expert testimony would not deny appellee the right to confront the evidence against him or violate his due process rights. The case law supports this position. The United States Supreme Court recently considered a similar issue in *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), when it stressed the importance of the prosecution's good or bad faith in evaluating a loss of evidence claim.

> The Due Process Clause of the Fourteenth Amendment, as interpreted in *Brady* [v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ], makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence. But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.

*Id.* at ——, 109 S.Ct. at 337, 102 L.Ed.2d at 289. In this instance, as there has been no evidence of bad faith on the part of the Commonwealth, their unfortunate failure to preserve the lottery ticket does not constitute a denial of federal due process under the fourteenth amendment.[3] *Id.* We do not believe the fact the unavailable evidence in *Youngblood* was "supplementary" evidence in contrast to the lottery ticket in this situation, which is primary evidence, is of any consequence to our decision. The reasoning and rationale of *Youngblood* are as applicable and reasonable here as they were in that case.

In *Commonwealth v. Hrynkow*, 457 Pa. 529, 330 A.2d 858 (1975), our Supreme Court held testimony regarding

---

**3.** We do not agree with appellee's suggestion that the good or bad faith of the Commonwealth is irrelevant to this case or that in the alternative it is the Commonwealth's obligation to prove their good faith. In this instance, we believe that absent a showing of bad faith in loss of the evidence, good faith is implied.

tests performed on defendant's lost clothing admissible and not a denial of defendant's right to confront the evidence, where he had a right to inspect lab reports offered in evidence and to cross-examine the testimony. Similarly in *Commonwealth v. McGlory,* 226 Pa.Super. 493, 313 A.2d 326 (1973), this Court allowed oral testimony to establish the physical evidence seized from defendant at the time of his arrest was narcotic drugs, even though the evidence itself was lost or destroyed, since the appellant in that case was given full latitude to cross-examine the prosecution witnesses and attack any portion of the laboratory report. Analagous to this case, where the lotto ticket is the basis of the forgery charge, the drugs in *McGlory* were the essence of the charges of sale and possession of narcotic drugs. In the instant case, photocopies of the allegedly altered lottery ticket are available to the defense and may be submitted to appellee's own experts for independent evaluation, and the expert testimony itself is subject to possible impeachment.

Additionally, the trial court's reliance on *Commonwealth v. Arenella,* 306 Pa.Super. 119, 452 A.2d 243 (1982), is misplaced. In *Arenella,* the trial court denied the defendants' pre-trial motion for independent expert examination of the alleged controlled substance they were accused of possessing. This Court found the denial may have severely limited the presentation of their defense and reversed. Even so, this case is distinguishable because, unlike in *Arenella,* there is an available substitute for the defense to examine and submit to expert evaluation. Photocopies of the allegedly altered lottery ticket, verifiable as reproductions of the original lottery ticket, have been available to the defense in advance of trial and could be submitted to independent experts.

No case in this Commonwealth requires production of tangible physical evidence under the instant circumstances. *See McGlory, supra,* and *Commonwealth v. Cromartie,* 222 Pa.Super. 278, 294 A.2d 762 (1972)(narcotic drugs destroyed before trial for possession thereof). Therefore, we cannot agree with the trial court's decision.

Order reversed and case remanded for proceedings consistent with this Memorandum.

Jurisdiction relinquished.