# Commonwealth v. Lamana

*Seth Boer,* trial attorney for Commonwealth.
*Adrian Shchuka,* appeal attorney for Commonwealth.
*Marc Neff,* for defendant.

PARISI, *J.,* February 2, 2009—On May 8, 2008, a jury found Mr. Lamana guilty of one count of possession of child pornography,[1] acquitting him of another count. On October 14, 2008, the defendant received a sentence of four to 23 months of incarceration followed by five years of probation. He filed a timely appeal on October 28, 2008. In the present appeal, Peter Lamana challenges the denial of his pretrial motions, specifically motions seeking remedies for the alleged destruction of evidence and a motion to suppress evidence.

The charges against Mr. Lamana arose from the discovery of child pornography on his personal computer while a teacher at Boyertown High School. In October and November of 2004, Karla Volpi, the Boyertown School District IT manager, tracked a number of incidents of unusual traffic on the school district computer network. Because it was her job to maintain the network, the traffic concerned Ms. Volpi. In addition, on November 2, 2004, an incident of unusual traffic coincided with a massive computer virus attack on the network. After this incident, Ms. Volpi found the source of the unusual traffic: Mr. Lamana's personal computer, which he had installed in his classroom and connected to the school network. Ms. Volpi turned off the network port to which Mr. Lamana had connected his computer, citing the district policy against personal computers on the network, and asked the defendant to take his computer home. However, she soon acquiesced to Mr. Lamana's plea for

---

1. Sexual abuse of children, 18 Pa.C.S. §6312(d).

a short-term reprieve and reopened the port to Mr. Lamana's computer.

On November 29, 2004, a virus again attacked the school district network. Ms. Volpi decided to investigate Mr. Lamana's computer to see if it was the source of the virus. Ms. Volpi entered the defendant's classroom, which had been locked for a school holiday, and turned on the defendant's personal computer. Almost immediately after turning on the computer, Ms. Volpi found a folder named "shit." Inside the folder she found files with various sexual titles. She noted files with titles indicating children and sex acts. She opened some of these files, finding images and video of children participating in sex acts.[2] She noted that these files had last been accessed on November 24, 2004. Later that day, she reopened some files to show the images to then-superintendant Dr. Amuso and the police. Before Mr. Lamana could again access the computer, the police executed a warrant for its seizure. Its contents became the basis of the charges Mr. Lamana faced at trial.

Ms. Volpi's opening of the child pornography files became the basis for the first two pretrial motions contested in the present appeal. Files such as the ones opened by Ms. Volpi track the last time they were opened and viewed. Each time a file is opened, the data is altered to reflect the most recent use, and users can easily see when the file was last opened. Police investigating computer crimes typically create a forensic image of the contents of a computer, preserving the data exactly as it was when they obtained the computer. This allows them to open

---

2. At trial, the defense stipulated that images and video on the defendant's computer constituted child pornography.

and close files without changing any data about the last time a file was opened prior to seizure. Both the prosecution and the defense can then utilize the forensic image, assured that the data they access remains as it was when last controlled by the defendant.

Here, because Ms. Volpi opened and viewed the child pornography files, neither the prosecution nor the defense could access data about the last time the files were viewed when Mr. Lamana still had access to the computer. Each time she opened the pornographic files, the data about last use changed to reflect her most recent viewing. By the time the police seized the computer, all of the child pornographic files from the computer reflected a last use on November 29, 2004, at the time Ms. Volpi had the computer under her control. Although Ms. Volpi testified at trial that the last time the files were opened prior to her discovery was November 24, 2004, the parties had no way to independently verify this testimony because the data was lost.

Because of the altering of this potentially exculpatory evidence, the defense moved for drastic remedies—dismissal of the charges or preclusion of all testimony concerning the contents of the computer. This court denied these motions after a pretrial hearing on the matter. The defendant now appeals the denial of these motions, contending that he was denied due process of law. However, the minor alteration of the evidence, made prior to seizure, not by the police, and without any bad faith, could not justify the granting of the defendant's motions.

To justify corrective sanctions for lost or destroyed evidence, such as the suppression sought by the defendant here, the defendant must demonstrate that the police

acted in bad faith in losing or destroying the evidence. *Commonwealth v. Small,* 559 Pa. 423, 441, 741 A.2d 666, 676 (1999), citing *Arizona v. Youngblood,* 488 U.S. 51 (1988). Here the police did not commit the alleged destruction of the evidence. In addition, Ms. Volpi's conduct did not evidence an effort to obscure the facts or railroad Mr. Lamana into a conviction or any other questionable motives suggesting bad faith. Because the date was altered prior to the police seizure, neither party was able to examine the lost data; everything available to the prosecution was available to the defense. In addition, the defense was able at trial to fully explore the loss of the data to suggest that the defendant was unaware of the contents of his computer. Finally, the contraband files remained otherwise intact—the defense even stipulated that they were child pornography.[3] Therefore, the alteration of the last-opened date in the files did not deny Mr. Lamana of due process of law and no corrective sanctions were warranted.

The defense also contends that this court erred in denying a separate pretrial motion to suppress the contents

---

3. The defense has argued that the unusual case of *Commonwealth v. Deans,* 530 Pa. 514, 610 A.2d 32 (1992), entitles Mr. Lamana to relief. In *Deans,* the Supreme Court of Pennsylvania ruled that a defendant's due process rights were violated where the police lost an allegedly forged lottery ticket prior to the filing of a forgery charge. *Id.* However, in *Deans* the lost evidence constituted the primary evidence of the crime and had been fully available to the prosecution, but not the defense, for expert evaluation. *Id.* at 517, 610 A.2d at 34. Here, the lost evidence was not the primary evidence of the crimes charged, and it was not available to either side, except in the form of Ms. Volpi's testimony. And Ms. Volpi testified only to what she saw—she did not provide expert opinion explaining how her observation of the last-viewed date implicated the defendant. Therefore, *Deans* does not apply to the case at hand.

of the computer based upon the defendant's privacy interest in the computer. Searches and seizures by government employers or supervisors of employee workspaces are subject to Fourth Amendment restraints. *Commonwealth v. Jackson,* 809 A.2d 411 (Pa. Super. 2002); *O'Connor v. Ortega,* 480 U.S. 709 (1987). However, the Fourth Amendment does not prohibit the reasonable search of a government employee's work area for noninvestigatory, work-related purposes. *Ortega,* 480 U.S. at 725-26. For example, in *Ortega* officials at a public hospital searched the office of a doctor who was under investigation for misconduct. *Id.* at 712. The hospital justified the searches as a standard work-related inventory search of the office. *Id.* at 713. The doctor contended that the search was improper because it was a search related to the investigation into the alleged misconduct. *Id.* Writing for the plurality, Justice O'Connor ruled that while searches for investigatory purposes require "reasonable grounds for suspecting that the search will turn up evidence that the employee is guilty of work-related misconduct," necessary searches for noninvestigatory, work-related purposes require no further justification. *Id.* at 726.[4] Thus, government employers may freely search employee workspaces if necessary for such mundane tasks as the retrieval of a certain file. *Id.*

Here, Ms. Volpi's search of the defendant's computer involved just such a mundane task. Ms. Volpi's duties included maintaining the health of the computer network. To do so, she needed to access all the computers on the

---

4. Concurring in the decision, Justice Scalia similarly reasoned that employer searches carrying out work-related purposes should be considered reasonable whether the employer is private or governmental. *Ortega,* 480 U.S. at 732, Scalia, J., concurring.

network to make sure none were contaminated with malicious software dangerous to the network. On the day of the search, the network had been attacked by a virus, making Ms. Volpi's task all the more urgent and necessary. Although the objected-to search involved Mr. Lamana's personal computer, not a computer owned by the school district, Mr. Lamana rendered such a search reasonable when, against district policy, he connected his computer to the network. Although an "employee may avoid exposing personal belongings at work by simply leaving them at home," and even in the face of a personal request from Ms. Volpi to remove the computer, Mr. Lamana kept his pornography-laden computer in his classroom and connected to the network. *Id.* at 725. In light of these facts, the defense contention that Ms. Volpi should have obtained a warrant is absurd. And because Ms. Volpi had a standing right to access the computer as part of her regular duties, she also needed no court approval to show the questionable files to the superintendent and police. Therefore, this court properly denied the motion to suppress.

For the foregoing reasons, it is respectfully requested that the defendant's appeal be denied.