J-S56013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMAR L. DAVIS, | |
| Appellant | No. 31 MDA 2016 |

Appeal from the Judgment of Sentence Entered January 5, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000303-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 16, 2016**

Appellant, Lamar L. Davis, appeals from the judgment of sentence of 18 months' to 4 years' incarceration, followed by one year probation, imposed after he was convicted of possession with intent to deliver a controlled substance (PWID), 35 P.S. §780-113(a)(3), false identification to a law enforcement officer, 18 Pa.C.S. § 4914(a), and a violation of Motor Vehicle Code's general lighting requirements, 75 Pa.C.S. § 4303(b).  On appeal, Appellant solely challenges the trial court's denial of his pretrial motion to suppress.  After careful review, we affirm.

Appellant was charged with the above stated offenses following a traffic stop of his vehicle on February 12, 2015, by Officer Robert Brown of

_____

[*] Former Justice specially assigned to the Superior Court.

the Williamsport Bureau of Police. Prior to trial, Appellant filed a motion to suppress the evidence discovered during that traffic stop. The suppression court summarized the facts established at the hearing on Appellant's motion, as follows:

> [Officer] Brown … has been an officer with Williamsport Bureau of Police since December 5, 2011. On February 12, 2015, [Officer] Brown was driving a patrol car. At 12:20 a.m., he stopped [Appellant's] vehicle after observing that the vehicle's center brake light and registration light were not functioning.
>
> When the stop occurred, the Williamsport Bureau of Police was transitioning to a new video system in patrol cars. Some patrol cars did not yet have the new system, which automatically transfers video from the car's camera to a database. With the "old" video system, an officer had to insert an "SD" card. The camera in the patrol car would start recording when the officer activated the car's emergency lights. At the end of a shift, the officer would remove the SD card, take it into police headquarters, and transfer the video from the card to a database.
>
> After [Appellant's] preliminary hearing on February 17, 2015, [Officer] Brown checked for video of the stop, but there was no video. [Officer] Brown [stated that he] does not know why there is no video. He could have forgotten to insert the SD card at the beginning of his shift, or he could have forgotten to remove the card at the end of his shift. Sometimes an SD card cracks or "just does not work." Around the date of the stop, [Officer] Brown lost an SD card and had to buy a new one. [Officer] Brown has never purposefully kept an SD card out of the video system so that a traffic stop would not be recorded.

Suppression Court Opinion (SCO), 7/20/15, at 1-2.

In Appellant's motion to suppress, and at the hearing, he argued, *inter alia*, "that video of the stop is potentially useful evidence and the circumstances, including the loss of an SD card around the date of the stop,

- 2 -

show that [the] video was discarded in bad faith." **Id.** at 2. Appellant claimed that Officer Brown's loss of the video amounted to a due process violation, which he conceded requires proof that the officer's failure to produce that evidence "was done in bad faith…." N.T. Suppression Hearing, 5/14/15, at 13. Ultimately, the suppression court concluded that Officer Brown's testimony at the suppression hearing was credible, and that "the circumstances do not show bad faith." SCO at 4. Accordingly, the court denied Appellant's motion to suppress.

Appellant's case proceeded to a non-jury trial, at the close of which he was convicted of the above-stated offenses. On January 5, 2016, Appellant was sentenced to the term set forth *supra*. He filed a timely notice of appeal, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant raised one issue: "[Appellant] avers that the lower court erred by denying [Appellant's] motion to suppress as specified in his motion which was denied by Opinion and Order of the [court] … on July 17, 2015." Pa.R.A.P. 1925(b), 1/15/16. On February 19, 2016, the trial court filed a Rule 1925(a) opinion, stating that it was relying on its July 20, 2015 opinion that accompanied its order denying Appellant's motion to suppress.

Herein, Appellant presents one issue for our review: "Did the lower court err by failing to suppress evidence seized following a vehicle stop for burned out lights when the officer lost, misplaced or otherwise destroyed the

- 3 -

police car video?" Appellant's Brief at 4. Before addressing Appellant's argument, we note our standard of review:

> In reviewing an order from a suppression court, we consider the Commonwealth's evidence, and only so much of the defendant's evidence as remains uncontradicted. We accept the suppression court's factual findings which are supported by the evidence and reverse only when the court draws erroneous conclusions from those facts.

*Commonwealth v. Hoopes*, 722 A.2d 172, 174-75 (Pa. Super. 1998).

In this case, Appellant contends that the suppression court committed an error of law by applying a 'bad faith' standard in assessing whether Appellant's due process rights were violated by Officer Brown's failure to produce the video from his patrol car. In this vein, the suppression court explained:

> "[B]ad faith is required for a due process violation where merely potentially useful evidence is destroyed, no matter how useful to the prosecution." *Commonwealth v. Snyder*, 963 A.2d 396, 404 (Pa. 2009). Bad faith is shown where evidence is discarded under circumstances "in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Here, [Officer] Brown testified that, after the preliminary hearing, he checked for video of the stop, but there was no video. He testified that he did not know why there was no video. [Officer] Brown further testified that, around the time of the stop, he lost an SD card and had to buy a new one. The [c]ourt finds [Officer] Brown credible, so the circumstances do not show bad faith. Since the circumstances do not show bad faith, there is no due process violation.

SCO at 4.

On appeal, Appellant avers that the court's 'bad faith' analysis under *Snyder* was inappropriate because in that case, "the Pennsylvania Supreme

- 4 -

Court decided an allegation of [a] *federal* due process violation…." Appellant's Brief at 10 (emphasis added). According to Appellant, he is not asserting a violation of his federal constitutional rights, but rather, that "his *state* constitutional due process rights have been violated by the loss or destruction of [the] video of his vehicle stop." *Id.* Relying on Justice Baer's concurring opinion in **Snyder**, Appellant maintains that Pennsylvania's due process clause offers more protection than the federal Constitution, and that no 'bad faith' is necessary to prove a due process violation under our state Constitution. *See id.* at 10 (quoting **Snyder**, 963 A.2d at 407 (J. Baer concurring) (acknowledging that "this Court is bound to defer to the United States Supreme Court's interpretation of federal due process precepts as enunciated in **Illinois v. Fisher**, 540 U.S. 544 … (2004)," but stating his belief "that our interpretation of due process and fundamental fairness in **Commonwealth v. Deans**, … 610 A.2d 32 ([Pa.] 1992), was correct, and [he] would be inclined to consider our analysis in **Deans** in the context of a due process argument premised upon the Pennsylvania constitution when such an argument is properly presented")).

We need not delve into the details of Appellant's state due process argument, as our careful review of the record demonstrates that he did not raise this claim before the suppression court. Specifically, in Appellant's written motion to suppress, he stated only that, "[t]here is no Motor Vehicle Recording from Officer Brown's police car." Motion to Suppress, 4/15/15, at 1 ¶ 5. Appellant did not raise *any* allegation of a due process violation,

either state or federal. While a due process claim was raised at the suppression hearing, defense counsel *conceded* that the issue was governed by **Snyder**, and that a showing of bad faith was required. In particular, counsel stated:

> [Defense Counsel:] I believe this would fall under … Commonwealth v. Snyder, … that's a Pennsylvania Supreme Court case of 2009 that basically was Pennsylvania's version of Arizona v. Youngblood, which is a United States Supreme Court opinion from 1988, 488 U.S. 51, which says, basically, in cases where the prosecution has discarded potentially useful evidence, a due process violation occurs [if] the Commonwealth's failure to preserve [the evidence] **was done in bad faith** regardless of the centrality to the evidence of the prosecution or defense and regardless of whether the evidence was introduced at trial. So it's regardless of whether or not they would have introduced it because he still says he saw what he saw.
>
> And what that does is … [it demonstrates] that [the evidence] doesn't have to be exculpatory, it just has to be potentially useful, which I would argue that this is potentially useful. **And the failure to preserve it has to be in bad faith.** And that's difficult to decide but what the Supreme Court said in Arizona v. Youngblood is that bad faith is shown where evidence is discarded under circumstances in which the police, themselves, by their conduct indicate that the evidence could form the basis for exonerating the defendant.
>
> My argument today would [be that] Officer Brown's testimony was that an SD card was lost around this time and he couldn't say what time it was. **I think that that could implicate bad faith here.**
>
> …
>
> In this case, if Officer Brown testified that he's responsible for the SD card and it just -- he lost it …. [T]his is a PWID drug arrest, [and] the only reason to pull him over would be easily shown on that video, [which] I think is something that the [c]ourt's going to have to closely examine to determine whether or not that falls under this Snyder case and the progeny of the Arizona v. Youngblood case.

N.T. Suppression Hearing at 13-15 (emphasis added).

It is clear from the record that Appellant did not raise, before the suppression court, his argument that the Pennsylvania due process clause does not require a showing of bad faith. Instead, Appellant acknowledged the applicability of the bad faith standard elucidated in *Snyder*, and argued that Officer Brown's testimony was sufficient to establish that the officer acted in bad faith by not producing the video. Because the argument Appellant presents herein was not raised before the suppression court, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Additionally, we note that Appellant did not specifically raise his state due process claim in his boilerplate Rule 1925(b) statement; thus, it is waived on this basis as well. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Because Appellant offers no other argument in challenging the court's denial of his pretrial motion to suppress, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2016

- 7 -