J-S51039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOANN NMN HELFRICH, | : | |
| | : | |
| Appellant | : | No. 2201 MDA 2013 |

Appeal from the Judgment of Sentence entered on November 26, 2012
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0006875-2010

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED SEPTEMBER 30, 2014**

Joann Nmn Helfrich ("Helfrich") appeals from the judgment of sentence imposed following her conviction of murder of the first degree. *See* 18 Pa.C.S.A. § 2502(a). We affirm.

On October 12, 2010, Helfrich shot her boyfriend, the victim, eight times, in their shared apartment. The victim died as a result of the gunshot wounds. Helfrich was arrested and charged with murder of the first degree. Helfrich's attorneys subsequently filed a Motion to Withdraw, which the trial court denied. Helfrich's attorneys filed a timely Notice of Appeal of the Order denying his Motion to Withdraw in this Court. This Court quashed the appeal as interlocutory. Helfrich filed a Motion for Reconsideration, which was denied. Helfrich filed a Petition for allowance of appeal with the

Supreme Court of Pennsylvania, which was denied on July 10, 2012. *See Commonwealth v. Helfrich*, 48 A.3d 1247 (Pa. 2012).

Helfrich attempted to enter a negotiated guilty plea to murder of the third degree, in exchange for a sentence of 20 to 40 years in prison, plus costs and restitution. However, the trial court did not accept the plea. The case proceeded to a jury trial, after which Helfrich was convicted of murder of the first degree. The trial court sentenced Helfrich to the mandatory term of life in prison. The next day, Helfrich's attorneys informed her that they would not continue to work on her case if they did not receive payment.

After a procedural history that is not relevant to this appeal, Helfrich's post-sentence rights were reinstated on July 3, 2013. Helfrich filed a post-sentence Motion. The trial court denied the Motion on November 8, 2013. Helfrich subsequently filed a timely Notice of Appeal. Helfrich then filed a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Helfrich raises the following questions for our review:

I. Was the Commonwealth's evidence insufficient as a matter of law to support the jury's finding that [Helfrich] had committed the criminal act of [m]urder [of] the [f]irst [d]egree?

II. Was the jury's verdict against the weight of the evidence as presented by the Commonwealth?

III. Did the trial court commit reversible legal error when it allowed the Commonwealth to introduce evidence at trial regarding a set of keys that had not been properly preserved?

IV. Did the trial court commit reversible legal error when it denied [Helfrich] the right to plead guilty?

V. Did the trial court commit reversible legal error when it did not allow trial counsel to withdraw prior to trial, despite [Helfrich's] acquiescence to the request?

Brief for Appellant at 5 (issues renumbered for ease of disposition).

In her first claim, Helfrich asserts that the evidence was insufficient to support the jury's verdict of guilty of murder of the first degree. *Id.* at 18-20. Specifically, Helfrich claims that the evidence relating to specific intent and malice was insufficient, as she merely fired shots at a person whom she thought was an intruder. *Id.* at 19-20.[1]

In reviewing a sufficiency claim we must "determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004).

In order for a jury to find a defendant guilty of murder of the first degree, "the Commonwealth must prove, beyond a reasonable doubt, that a human being was unlawfully killed, that the accused was responsible for the killing, and that the accused acted with a specific intent to kill." *Commonwealth v. Pagan*, 950 A.2d 270, 279 (Pa. 2008); *see also* 18 Pa.C.S.A. § 2502(a).

---

[1] Helfrich concedes that there was sufficient evidence pertaining to the first two elements of murder of the first degree, as the victim died, and she admitted that she had shot the victim. Brief for Appellant at 19.

Moreover, a specific intent to kill may be inferred from the use of a deadly weapon to inflict injury on a vital part of the body. A deadly weapon is defined as "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or is intended to be used, is calculated or likely to produce death or serious bodily inury."

*Pagan*, 950 A.2d at 279 (internal citations omitted); *see also* 18 Pa.C.S.A. § 2301.

Here, the Commonwealth presented evidence that Helfrich shot the victim a total of eight times. N.T., 9/8/12, at 307. The gunshot wounds caused injuries to the victim's face, spinal cord, kidney, stomach, pancreas, lung, aorta, and several veins. *Id.* at 308-18. One of the officers at the scene testified that Helfrich told him that she was sleeping in her upstairs bedroom when she thought she heard an intruder downstairs, and fired the gun until it was empty. *Id.* at 128-29. However, the forensic pathology expert testified that the trajectory of at least some of the bullets suggested that Helfrich could not have been standing at the top of the stairs shooting down at the victim. *Id.* at 309, 311, 317. This evidence, viewed in a light most favorable to the Commonwealth, was sufficient to establish that Helfrich intentionally used a deadly weapon on several vital parts of the victim's body. Thus, Helfrich cannot succeed on her claim that there was insufficient evidence to support the jury's verdict.

In her second claim, Helfrich asserts that the jury's verdict was against the weight of the evidence. Brief for Appellant at 20. Specifically, Helfrich

claims that the Commonwealth did not introduce evidence that proved her intent. *Id.* at 21. Helfrich argues that while the evidence may support a verdict of murder of the third degree, the verdict of murder of the first degree was against the weight of the evidence. *Id.*[2]

Our standard of review for a challenge to the weight of the evidence claims is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witness. An appellant court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (citation omitted).

Here, the verdict is not so contrary to the evidence as to shock the conscience. Indeed, evidence was presented demonstrating that Helfrich shot the victim eight times, on several vital parts of his body. N.T., 9/8/12, at 308-18. The jury, as finder of fact, had the duty to determine the credibility of the testimony and evidence presented at trial. *See Collins*, 70 A.3d at 1251. Given the verdict, the jury found the Commonwealth's

---

[2] Helfrich properly preserved this claim by raising it in her post-sentence Motion. *See* Pa.R.Crim.P. 607(A)(3).

evidence credible. Thus, the trial court did not abuse its discretion in denying Helfrich's weight claim.

In her third claim, Helfrich argues that the trial court erred in allowing testimony regarding the victim's set of keys, that the Commonwealth had released to the victim's family. Brief for Appellant at 12. Helfrich claims that the testimony about the keys was material to the finding of guilt because the Commonwealth used the testimony to show that the sound of the keys was distinctive to the victim, and, therefore, she could not have mistaken the victim for an intruder. *Id.* at 13. Helfrich claims that the keys should have been available to her at trial under **Brady v. Maryland**, 373 U.S. 83, 87 (1963). Brief for Appellant at 12-14.

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevance and probative value of the evidence against the prejudicial impact of that evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact.

**Commonwealth v. Reid**, 811 A.2d 530, 550 (Pa. 2002) (citations omitted). Further, "the Commonwealth's failure to preserve evidence potentially useful to the defense does not offend federal due process standards unless the defendant shows the Commonwealth acted in bad faith." **Commonwealth v. Coon**, 26 A.3d 1159, 1162 (Pa. Super. 2011).

With regard to claims under **Brady**, "the suppression by the prosecution of evidence *favorable* to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." **Brady**, 373 U.S. at 87 (emphasis added). Here, Helfrich failed to prove that she had requested that the Commonwealth produce the keys at any time before or during the trial. Further, Helfrich failed to prove that the keys were, in any way, favorable to her defense.

In its Opinion, the trial court addressed this claim as follows:

> In this case, the keys the [v]ictim carried [were] not evidence which would have been exculpatory for [Helfrich] or material to her guilt or punishment. … [I]t is common knowledge that when you have multiple keys dangling from a key ring on a belt loop, they make a noise (or jingle) when you walk. Moreover, the other evidence presented at trial utterly belies [Helfrich's] contention that at the time she shot the [v]ictim, she thought that he was an intruder….

Trial Court Opinion, 11/8/13, at 5-6. We agree with the trial court's determination that the keys did not constitute a piece of evidence material to Helfrich's guilt. **See id.** Additionally, as noted above, the Commonwealth produced sufficient evidence to sustain the jury's verdict by showing intent through the use of a deadly weapon on a vital part of the victim's body. Thus, the keys were not material to Helfrich's conviction, and Helfrich cannot succeed on this claim.

In her fourth claim, Helfrich avers that the trial court erred in refusing to accept her guilty plea. Brief for Appellant at 14. Helfrich claims that the

trial court refused the plea, in part, because one of the victim's family members wrote a letter implying she did not support the plea agreement. *Id.* Helfrich also argues that the trial court refused the plea agreement because it would not accept a plea from someone who believes that they are not guilty. *Id.* at 15. Helfrich argues that her own thoughts regarding her defense should not be a basis for refusing a negotiated guilty plea. *Id.*

"[T]he Pennsylvania Rules of Criminal Procedure state unequivocally that the judge may refuse to accept a plea of guilty[.] The Pennsylvania Rules of Criminal Procedure grant the trial court broad discretion in the acceptance and rejection of plea agreements." ***Commonwealth v. Hudson***, 820 A.2d 720, 727-28 (Pa. Super. 2003) (citations and quotation marks omitted).

Upon our review of the record, we conclude that the trial court did not abuse its discretion in refusing to accept the plea agreement. Although the trial court indicated that it would consider whether the victim's family was strongly opposed to a plea agreement, the trial court did not use a family member's letter as a basis to reject the plea. ***See*** N.T., 9/12/12, at 14. In fact, all of the victim's family members indicated a desire to proceed with the plea agreement. ***See id.*** at 12, 16-18.

Additionally, the trial court did not reject the plea agreement merely because Helfrich thought she was not guilty. The trial court specifically asked Helfrich whether she believed she was guilty, to which Helfrich

responded in the affirmative. *Id.* at 21. The trial court then explained that murder of the third degree requires the accused to intentionally, knowingly, recklessly or negligently cause the death of another human being. *Id.* at 22. Helfrich indicated that she killed the victim in a reckless manner. *See id.* at 22, 25. Helfrich told the court that she thought the victim was an intruder, and that she shot until the gun was empty. *See id.* at 22. However, upon further questioning, the trial court reached the conclusion that Helfrich believed that she had "made a mistake that had tragic consequences," but that she did not believe she was reckless or negligent, as she was rationalizing the situation. *See id.* at 25-26. At that time, the trial court rejected the plea agreement. *See id.* at 27-28. Based upon the foregoing, Helfrich has failed to demonstrate that the trial court abused its broad discretion in rejecting her guilty plea based on her equivocal statements regarding her guilt. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1048 (Pa. Super. 2011) (stating that defendant must clearly and unequivocally acknowledge the facts leading to a guilty plea). Thus, Helfrich is not entitled to relief on this claim.

In her fifth claim, Helfrich argues that the trial court erred in denying her attorneys' Motion to Withdraw. Brief for Appellant at 16. Helfrich claims that she submitted an application to the Public Defender's office, but the application was denied because prior counsel had not withdrawn representation. *Id.* at 17. Helfrich argues that her application with the

Public Defender's office shows that she no longer wished to be represented by trial counsel. *Id.* at 16.

"The grant or denial of [] trial counsel's petition to withdraw is within the sound discretion of the trial court, and as such, should not be overturned unless we find an abuse of discretion." ***Commonwealth v. Tuck***, 469 A.2d 644, 650 (Pa. Super. 1983) (citation omitted). "[A]lthough the right to counsel is absolute, there is no absolute right to a particular counsel." ***Commonwealth v. Robinson***, 364 A.2d 665, 674 (Pa. 1976).

> No brightline rules exist to determine whether a trial court has abused its discretion in denying a Petition to Withdraw as counsel. A balancing test must be utilized to weigh the interests of the client in a fair adjudication and the Commonwealth in the efficient administration of justice. Thus, a resolution of the problem turns upon a case by case analysis with particular attention to the reasons given by the trial court at the time the request for withdrawal is denied.

***Commonwealth v. Sweeney***, 533 A.2d 473, 481 (Pa. Super. 1987) (citation omitted).

Here, the trial court found that Helfrich's attorneys had failed to show good cause for withdrawal. The trial court found that Helfrich's failure to pay counsel did not require withdrawal. ***See*** N.T., 4/18/11, at 2. However, the trial court specifically stated that it would grant the Motion to Withdraw when an attorney from the Public Defender's office entered an appearance. ***See id.*** at 3. Helfrich failed to provide evidence that she pursued new counsel, and the record reflects that an attorney from the Public Defender's office never entered an appearance on her behalf. Further, Helfrich did not

provide evidence to indicate a breakdown in the attorney-client relationship. Moreover, Helfrich failed to provide evidence that trial counsel did not fully litigate her defense at trial.

Upon our review of the record, we conclude that the trial court did not abuse its discretion in denying trial counsel's Motion to Withdraw. Thus, Helfrich cannot succeed on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2014