**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Beverly Jo COON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 2011.

Filed Aug. 10, 2011.

---

Timothy S. Coon, Pittsburgh, for appellant.

Amy E. Constantine, Assistant District Attorney, Allegheny County District Attorney's Office, Pittsburgh, PA, for Commonwealth, Appellee.

BEFORE: STEVENS, P.J., FORD ELLIOTT, P.J.E. and COLVILLE *, J.

OPINION BY COLVILLE, J.:

This case is an appeal from the order denying Appellant's petition under the Post Conviction Relief Act ("PCRA"). Appellant contends the PCRA court erred in dismissing her claims that her counsel was ineffective with regard to the admission of evidence and jury instructions. We affirm the order.

A jury convicted Appellant of attempted murder, arson and related offenses. On direct appeal, this Court affirmed the judgment of sentence. *Commonwealth v. Coon,* 964 A.2d 432 (Pa.Super.2008) (unpublished memorandum). The Pennsylvania Supreme Court later denied Appellant's petition for allowance of appeal. *Commonwealth v. Coon,* 601 Pa. 683, 970 A.2d 1147 (2009). Subsequently, Appellant filed a PCRA petition alleging trial counsel's ineffectiveness in various ways. The

PCRA court issued two notices under Pa. R.Crim.P. 907, the combined meaning of which was that the court found some of Appellant's issues previously litigated and, in any event, all of them lacking in merit. The court later dismissed the petition. Appellant then filed this timely appeal.

■ Our standard for reviewing PCRA orders is to determine whether the court's rulings are supported by the record and free of legal error. *Commonwealth v. Bennett,* 19 A.3d 541, 543 (Pa.Super.2011). It is an appellant's burden to persuade us the PCRA court erred and relief is due. *Id.*

■ In her PCRA petition, Appellant raised issues of ineffectiveness. We did not rule on these issues on direct appeal. Therefore, Appellant's issues have not been previously litigated. 42 Pa.C.S.A. § 9544(a). Accordingly, we will address the question of whether the court erred in finding her claims lacked merit.

To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim had arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. *Commonwealth v. Cox,* 603 Pa. 223, 983 A.2d 666, 678 (2009). Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. *Id.*

Appellant argues the PCRA court erred in not finding her counsel ineffective for failing to object to the Commonwealth's expert testimony that the fire was incendiary. Along these lines, she claims the police released the fire scene, along with the physical evidence at that scene, after a fire marshal, who eventually served as the Commonwealth's expert, conducted his fire

* Retired Senior Judge assigned to the Superior Court.

investigation. Having been released, the physical evidence at the scene was lost or destroyed before Appellant was arrested and without her having an opportunity to examine it. She contends her Pennsylvania due process rights were violated when the Commonwealth offered expert cause-and-origin testimony based on evidence which Appellant never had a chance to examine. Because her counsel did not object to the expert testimony, she contends he was ineffective.

In her argument, Appellant relies largely on *Commonwealth v. Deans*, 530 Pa. 514, 610 A.2d 32 (1992), a case in which the Pennsylvania Supreme Court disallowed expert testimony establishing that a lottery ticket had been altered to make it appear to be a winning ticket. After the Commonwealth's experts examined the ticket, they lost it. The appellant was later arrested and charged with, *inter alia*, forgery.

Reasoning that the lottery ticket was itself central to the prosecution's case and that the prosecution was, in fact, attempting to introduce expert testimony relating to the ticket, the court found that allowing the expert testimony would violate the appellant's federal due process rights.[1] *Id.* at 34–36. In reaching its result, the court also observed that the expert evaluation of the authenticity of the ticket appeared to be a somewhat subjective matter and that, where scientific testing involved results that were more objectively reliable (*e.g.*,

chemical analysis of breath or blood), exclusion of the test results and related testimony might not be in order. *Id.* at 35.

In *Commonwealth v. Snyder*, 599 Pa. 656, 963 A.2d 396 (2009), the Supreme Court revisited *Deans*. In *Snyder*, the Commonwealth seized and tested soil samples. Thereafter, the Commonwealth destroyed those samples pursuant to a somewhat regularized procedure for disposing of hazardous waste. Later, Snyder was arrested for waste-management violations. He had no opportunity to test the aforesaid samples.

The Supreme Court ruled it was error to exclude the Commonwealth's expert testimony relating to the soil because, under *Illinois v. Fisher*, 540 U.S. 544, 124 S.Ct. 1200, 157 L.Ed.2d 1060 (2004), the Commonwealth's failure to preserve evidence potentially useful to the defense does not offend federal due process standards unless the defendant shows the Commonwealth acted in bad faith.[2] *Snyder*, 963 A.2d at 404–06. In reaching this *Fisher*-based result, the Pennsylvania Supreme Court recognized that *Fisher* had shown *Deans* to be untenable as a matter of federal law. *Snyder*, 963 A.2d at 400, 404–05. More specifically, the *Snyder* court found that *Fisher* had vitiated the *Deans* considerations—*i.e.*, the centrality of the evidence and whether the Commonwealth actually sought to introduce the evidence. *Snyder*, 963 A.2d at 404–05. As such,

---

1. *Deans* did not involve a state constitutional claim.

2. Where evidence would have been materially exculpatory, as compared to just potentially useful, the defendant need not show bad faith to establish a due process violation. *Id.* at 547, 124 S.Ct. 1200; *Snyder*, 963 A.2d at 404–05. Distinguishing between these two types of evidence can be difficult, but such is the federal standard nonetheless. *California v. Trombetta*, 467 U.S. 479, 486, 104 S.Ct. 2528,

81 L.Ed.2d 413 (1984); *Snyder*, 963 A.2d at 405. Evidence is potentially useful, and not materially exculpatory, if no more can be said than that it could have been subjected to tests that might have exonerated the defendant. *Arizona v. Youngblood*, 488 U.S. 51, 57, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); *Snyder*, 963 A.2d at 404–06. Establishing that evidence is or would have been materially exculpatory demands more than speculation. *Snyder*, 963 A.2d at 404–05.

those considerations were not the appropriate inquiries for a federal due process inquiry. *Id.* Moreover, the *Snyder* court clarified that, pursuant to *Trombetta,* 467 U.S. at 489–90, 104 S.Ct. 2528, the *Deans* concerns of reliability/objectivity and/or unreliability/subjectivity of the scientific testing were more appropriately factual issues for the jury rather than legal issues for the trial court. *Snyder,* 963 A.2d at 405.

In short, then, *Snyder* acknowledged that, as a result of federal case law existing in 2004, and contrary to the various considerations articulated in 1992 in *Deans,* the question of whether it would be a federal due process violation to allow expert testimony relating to lost evidence was potentially useful to the defense turned on whether the Commonwealth acted in bad faith when failing to preserve that evidence. *Snyder,* 963 A.2d at 404–05.

Appellant's position is that, whatever the existing federal law was at the time of her trial in September 2006, the admission of the fire marshal's expert testimony was a violation of Appellant's state due process rights. In this regard, she contends we should read the Pennsylvania Constitution in a manner that would mandate the *Deans* analysis be applied to her state claim. She notes that, in *Snyder,* Justice Baer wrote a concurrence suggesting that, while *Deans* was incorrect as a matter of federal constitutional jurisprudence, the *Deans* considerations might be the appropriate factors to consider under the state constitution. Appellant then argues that, if we apply *Deans,* we will find a state due process violation because, even though there was no bad faith by the Commonwealth in failing to preserve the crime scene, the Commonwealth introduced expert evidence

from the fire marshal and that evidence was central to proving an essential element of the Commonwealth's case—*i.e.,* that the fire was incendiary. Appellant also notes the fire marshal's opinion involved some subjective evaluation of the incident scene.

We decline to read the Pennsylvania Constitution in the way Appellant suggests. Similarly, we decline to find that *Deans* does or did, at the time of Appellant's trial, warrant a finding of a state constitutional violation. Our reason is this: we have indicated that the Pennsylvania Constitution provides no more due process than does the U.S. Constitution in the context of lost evidence. *Commonwealth v. Free,* 902 A.2d 565, 569 (Pa.Super.2006); *Commonwealth v. Gamber,* 352 Pa.Super. 36, 506 A.2d 1324, 1327 (1986).[3] We are aware of Justice Baer's concurrence in *Snyder.* It will be for the Supreme Court, if properly petitioned, to decide whether it wishes to consider the matters we have discussed today.

■ Having rejected Appellant's argument that *Deans* should be applied to her state constitutional claim, we will apply the *Fisher* standard. Here, the most that can be said of the lost evidence is that, if it had been tested by Appellant's expert, those tests may have led the expert to opine the fire was not incendiary, the jurors might have accepted that opinion over the opinion offered by the Commonwealth and, in turn, the jurors might have acquitted Appellant. Thus, the physical evidence from the scene was potentially useful.

Additionally, it is plain, as Appellant concedes, that the Commonwealth did not act in bad faith. In order to preserve the evidence as best he could, the fire marshal took numerous photographs of the scene

---

**3.** In reaching our result, we note that *Free* was decided in June 2006 and thus it, like *Gamber,* predated Appellant's September 2006 trial in the instant case.

and made various sketches. The scene was released by police roughly two weeks after the fire. The building in question housed numerous residents who could not return to their homes until the apartment in question, which endured significant fire damage, was gutted and repaired. Delaying the release of the scene would have postponed the repair and rehabilitation of the premises, would have thereby placed unfair burdens on the residents and would have compounded the financial losses to the owners by virtue of lost rent. Under the circumstances of this case, there was no bad faith by the Commonwealth.

In summary, having rejected Appellant's argument that *Deans* is or was the appropriate analysis under the Pennsylvania Constitution now and/or at the time of her trial, and having otherwise determined the admission of the fire marshal's testimony did not constitute a violation of Appellant's state due process rights, we find no merit to Appellant's claim that counsel should have objected to or otherwise sought to preclude the testimony in question. Therefore, Appellant's ineffectiveness claim fails.

Appellant also argues counsel was ineffective in failing to seek a spoliation-of-evidence instruction, adverse to the Commonwealth, addressing the Commonwealth's failure to preserve physical evidence from the crime scene. She does not explicitly articulate the instruction she contends counsel should have sought. However, it appears she believes the instruction should have charged the jurors that they could infer the missing evidence would have proven to be unfavorable to the Commonwealth if her expert had had the opportunity to examine it.

At trial, Appellant's counsel sought a missing-evidence charge that was substantially similar to what she now seems to propose. The trial court denied counsel's request. We recognize Appellant contends the charge she now seeks differs from what counsel sought at trial. We disagree. Because counsel did not fail to seek the charge in question, Appellant cannot establish counsel's ineffectiveness.

██ Moreover, we note also that, on direct appeal, Appellant pursued the claim that the trial court erred in refusing to grant the missing-evidence charge. We found that the instruction was not warranted and, as such, that the court did not err. *Coon,* 964 A.2d 432 (unpublished memorandum at 7–10). This determination is the law of this case. *Commonwealth v. Wright,* 14 A.3d 798, 817 (Pa. 2011). Consequently, not only is Appellant wrong to contend now that counsel failed to request the instruction in question, but she is also wrong to argue there was any merit to making such a request.

██ Next, Appellant argues her counsel was ineffective for not objecting to the part(s) of the Commonwealth's expert testimony wherein the expert concluded that one or more computer batteries in the subject residence were not the cause of the fire. Appellant maintains the expert's testimony indicated he evaluated the battery(ies) visually and externally, and did not conduct any other testing to assess whether some defect in the battery(ies) may have started the fire. Appellant further contends the Commonwealth failed to introduce evidence that inspecting a battery visually and externally without any other testing is a methodology generally accepted by scientific experts in determining whether a defect in a battery did or did not result in a fire. It is Appellant's position that the Commonwealth's failure to introduce such evidence of general acceptance rendered the expert's testimony inadmissible. As such, contends Appellant, her trial counsel should have objected to the Commonwealth's testimony that

ruled out a defect in the battery(ies) as having been the cause of the fire.

■ The proponent of expert scientific evidence must show, *inter alia,* that the methodology the expert used is generally accepted by scientists in the relevant field as a method for arriving at the conclusions reached by the expert in question. *Grady v. Frito–Lay, Inc.,* 576 Pa. 546, 839 A.2d 1038, 1045 (2003). The Commonwealth did not offer such evidence of general acceptance concerning the limited visual, external examination of batteries to assess the potential of there having been fire-causing defects therein. It is at least arguable, therefore, that counsel should have objected to the specific expert testimony in question.

Nevertheless, Appellant is not entitled to relief because Appellant has not shown counsel's failure to object can be said to have prejudiced Appellant. Repeated testimony from the Commonwealth's expert made plain that, irrespective of whether there was or was not a defect in one or more batteries, the burn-progression patterns and other fire damage at the scene, both in terms of the magnitude and location of the damage, demonstrated that the fire did not start at the battery(ies). The char or burn damage near the battery(ies) was simply insufficient for the origin to have been near them and/or for them to have been the cause of the blaze. Rather, the burn patterns and other damage showed that the fire began near the foot of a certain bed, not near the battery(ies). Additionally, the expert testimony concerning the fire progression and related fire damage did not depend on the issue of whether there were battery defects.

Given the aforesaid testimony regarding the fire progression and similar fire damage, Appellant has not shown that a successful objection to the expert testimony concerning any defect in the battery(ies) would have resulted in a reasonable probability that she would have been acquitted. Her desired objection would not have eliminated the expert evidence regarding the fire's origin based on the burn progression and other fire damage. We note the expert ultimately testified that the fire, in addition to having its origin near the foot of a certain bed, was caused by an open flame placed on the bed. Thus, he concluded the fire was incendiary. Because Appellant has not demonstrated prejudice, her ineffectiveness claim fails.

■ Finally, Appellant contends her counsel was ineffective for not objecting to the following jury instructions because, according to Appellant, they placed the burden on her to provide evidence as to the cause of the fire:

> In this case, the Commonwealth offered the testimony of an expert in cause and origin of fires. The expert rendered an opinion and stated it was his expert opinion to a reasonable degree of certainty in the field of expertise.
>
> The defense called an expert in cause and origin of fires who did not render any opinion as to the cause and origin of the fire. Based upon his opinion there was insufficient evidence to do so. The weight and effect of this testimony is for you to decide.

N.T., 09/21/06, at 18–19.

Appellant is wrong. Nothing about the foregoing instructions placed the burden of proof on her. It merely told the jury that the Commonwealth's expert offered an opinion as to the cause and origin of the fire, that Appellant's expert testified he could not offer a cause-and-origin opinion, and that the jurors should evaluate the testimony. Evaluating testimony is what jurors are supposed to do. *Commonwealth v. King,* 990 A.2d 1172, 1178 (Pa.Super.2010).

Moreover, it was Appellant who called her expert—evidently for the purpose of trying to cast doubt on the Commonwealth's case by showing her expert did not have equal and sufficient opportunity to examine certain evidence so as to opine regarding the cause and origin of the fire. If she did not want his testimony weighed and considered along with that of the Commonwealth's expert, she should not have called her expert to testify. Having called an expert, there was no meritorious basis to object to the instructions that told the jury to weigh and consider the effect of that expert's testimony.

 Also, elsewhere in the jury charge, the court properly instructed the jurors that Appellant was presumed innocent and that it was the Commonwealth who bore the burden to prove her guilty. We evaluate jury instructions as a whole, and we assume jurors follow those instructions. *Commonwealth v. Natividad*, 595 Pa. 188, 938 A.2d 310, 326 n. 9 (2007). Upon considering Appellant's claim in light of the entire charge, we simply see no reason to find the challenged instructions erroneous. Consequently, Appellant has failed to persuade us counsel should have objected to those instructions. Therefore, Appellant has not demonstrated counsel was ineffective.

In conclusion, Appellant has not convinced us the PCRA court's decision to deny her petition as lacking legal merit was unsupported by the record or was legally erroneous. Therefore, we will not disturb the order.

Order affirmed.