J-S04007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME JOHNSON | : | |
| | : | |
| Appellant | : | No. 2235 EDA 2021 |

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0005331-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME JOHNSON | : | |
| | : | |
| Appellant | : | No. 2236 EDA 2021 |

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0005332-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME JOHNSON | : | |
| | : | |
| Appellant | : | No. 2237 EDA 2021 |

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0009453-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| :-- | :-- | :-- |
| v. | : |  |
|  | : |  |
|  | : |  |
| JEROME JOHNSON | : |  |
|  | : |  |
| Appellant | : | No. 2238 EDA 2021 |

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0012063-2015

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 11, 2023**

In these consolidated appeals, Jerome Johnson (Appellant) *pro se* appeals from the order dismissing his first, timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the underlying facts as follows:

> The first case arose from a robbery and murder at the New Diamond Chinese Store.  On January 26, 2014, Marquise Kemp [(Kemp)] and Kyleaf Gordon [(Gordon)] were selling drugs out of the store.  [Appellant] and his two co-conspirators, Shafik Lamback [(Lamback)] and Mychal Cassel [(Cassel)], went to the store looking for drugs.  [Appellant] pointed a gun at Kemp, said "Don't move or I'm going to kill you," and demanded Kemp give him everything.  Kemp gave [Appellant] his black Armani Exchange "bubble" jacket, which had money, drugs, and a phone in it.  Kemp followed the three robbers out of the store and yelled to Gordon, who was across the street, "They robbed me."  Gordon started shooting at the men; Cassel fired back, hitting Gordon.  Kemp and Gordon ran, but Gordon, who was bleeding from his nose and mouth, fell to the ground.  Kemp called the police.  Kemp's robbers sped off, and later they divided up the proceeds

---

* Retired Senior Judge assigned to the Superior Court.

- 2 -

from the robbery. Gordon laid in the street and died shortly thereafter.

[Appellant's] three other cases arose from another robbery at the Norman Blumberg Apartments [(the apartment building)]. On January 27, 2014, the day after the Chinese Store robbery and murder, [Appellant], Lamback, and Cassel went to the [apartment building] looking for pills. [Appellant] and Cassel carried the same firearms that they had with them the night before. Failing to find any pills, Lamback left, but [Appellant] and Cassel stayed at the apartment building.

Derek Fernandes [(Fernandes)] was leaving the apartment building when he saw [] two unfamiliar men. [Appellant] pulled out a gun, pointed it at Fernandes' face, and said "Don't move." [Appellant] grabbed twenty dollars that Fernandes was holding in his hand. As Johnson and Cassel left the [apartment] building, [Appellant] warned Fernandes not to follow them or he would shoot.

Fernandes followed them out of the [apartment] building; shots were fired. Fernandes told two housing police officers that he was robbed. The officers saw [Appellant] and Cassel walking away, told them to stop, but they [fled]. The police chased them on foot for several blocks. An FBI agent joined the chase in his vehicle. Eventually, the three officers trapped [Appellant] in a fenced-in lot. The officers directed [Appellant] to drop his weapon, but he refused. Instead, [Appellant] raised his gun and pointed it directly at the officers. The officers shot at [Appellant], and he fell to the ground. [Appellant] was arrested and charged.

*Commonwealth v. Johnson*, 236 A.3d 1141, 1148-49 (Pa. Super. 2020) (*en banc*).

The Commonwealth charged Appellant with robbery and related offenses for the January 27, 2014 incident, at dockets 5331-2014 (No. 5331-2014) and 5332-2014 (No. 5332-2014). The Commonwealth later charged Appellant with second-degree murder and related offenses for the January 26, 2014 incident, at dockets 9453-2014 (No. 9453-2014) and 12063-2015 (No.

12063-2015).  The Commonwealth subsequently filed an unopposed motion to consolidate the cases for trial, which the trial court granted.

The matter proceeded to a jury trial in May 2018.  Michael N. Huff, Esquire (Trial Counsel), represented Appellant.  Prior to deliberations, the trial court charged the jury as to second-degree murder:

> If you find that the Commonwealth has proven all of the elements beyond a reasonable doubt, you must find the Defendant guilty. …  If you find that the **Defendant**[1] has not proven all the elements beyond a reasonable doubt, then you must find the Defendant not guilty.

N.T., 5/10/18, at 146 (emphasis and footnote added).  Notably, Trial Counsel did not object or request a curative instruction.

On May 10, 2018, at No. 5331-2014, the jury convicted Appellant of robbery, aggravated assault, and firearms offenses.  At No. 5332-2014, the jury convicted Appellant of aggravated assault.  At No. 9453-2014, the jury convicted Appellant of two counts of aggravated assault.  Finally, at No. 12063-2015, the jury convicted Appellant of second-degree murder, robbery, and related offenses.  On May 11, 2018, the trial court sentenced Appellant to an aggregate term of life in prison.  Appellant filed post-sentence motions, which the trial court denied.

Appellant filed a direct appeal through Trial Counsel.  Appellant claimed trial court error for, *inter alia*, denying Appellant's post-sentence motions

---

[1] The record does not indicate whether this is a transcription error or the trial court inadvertently said "Defendant" instead of "the Commonwealth."

challenging the jury's verdicts as against the weight and sufficiency of the evidence. *Johnson*, 236 A.3d at 1149. This Court affirmed. *See id.* at 1151-53. Appellant petitioned for allowance of appeal, which the Supreme Court of Pennsylvania denied. *Commonwealth v. Johnson*, 242 A.3d 304 (Pa. 2020). Appellant did not seek review with the United States Supreme Court.

On August 23, 2021, Appellant *pro se* filed the instant, timely PCRA petition,[2] his first. The PCRA court appointed counsel, George S. Yacoubian, Esquire (PCRA Counsel). On September 8, 2021, PCRA Counsel filed a thorough no-merit letter and petition to withdraw, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The no-merit letter presented two claims: (1) Trial Counsel was ineffective for failing to preserve Appellant's challenge to the weight of the evidence on direct appeal; and (2) Trial Counsel was ineffective for failing to present trial testimony from a potential alibi witness. *See Turner*/*Finley* Letter, 9/8/21, at 6-8.

_____

[2] All PCRA petitions must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); *see also id.* § 9545(b)(3) (a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Appellant's judgment of sentence became final in February 2021, ninety days after the expiration of time to seek *certiorari* with the United States Supreme Court. Thus, Appellant's August 23, 2021, petition is timely.

- 5 -

On September 10, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without an evidentiary hearing after concluding Appellant's claims lacked merit. Appellant did not respond.

The PCRA court dismissed Appellant's PCRA petition on October 7, 2021. The court also granted PCRA Counsel's request to withdraw pursuant to ***Turner/Finley***. Appellant timely filed separate notices of appeal at each docket.[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors, as it had issued an opinion on October 7, 2021. On May 10, 2022, this Court consolidated the appeals *sua sponte*.

Appellant presents the following issues for review:

I. Whether PCRA [C]ounsel rendered ineffective assistance for failing to raise in the initial collateral review petition that [T]rial [C]ounsel was ineffective for failing to object when the trial court provided a faulty reasonable doubt second-degree murder instruction as such shifted the burden to the Appellant and relieved the Commonwealth of their duty to prove each and every element beyond a reasonable doubt, violating Appellant's due process right?

> Sub issue: Whether PCRA [C]ounsel rendered ineffective assistance for failing to raise in the initial collateral review petition that [T]rial [C]ounsel was ineffective for failing to object when the trial court erroneously instructed the jury on the charge of first-degree murder when in fact, Appellant was not charged with first-degree murder?

---

[3] Appellant complied with ***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018) (holding prospectively that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). Indeed, this Court discussed ***Walker*** extensively in Appellant's direct appeal. ***See Johnson***, 236 A.3d at 1141-48.

II.     Whether PCRA [C]ounsel rendered ineffective assistance for failing to raise in the initial collateral petition that [T]rial [C]ounsel was ineffective for failing to argue that Appellant's right to a speedy trial w[as] violated?

Appellant's Brief at 4.

We are mindful of our standard of review: "When reviewing the denial of a PCRA petition, an appellate court must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Drummond**, 285 A.3d 625, 633 (Pa. 2022) (citation, quotations, and footnote omitted).

Preliminarily, we recognize that in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401. The Supreme Court recently expanded on **Bradley**, stating:

> We recognized that the structure of appeal and collateral review "places great importance on the competency of initial PCRA counsel," and reasoned that "it is essential that a petitioner possess a meaningful method by which to realize his right to effective PCRA counsel." **Bradley**, 261 A.3d at 401. We stated that "this approach best recognizes a petitioner's right to effective PCRA counsel while advancing equally legitimate concerns that criminal matters be efficiently and timely concluded." **Id.** at 405. We further explained:
>
>> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. **Commonwealth v. Holmes**, 79 A.3d 562, 577 (Pa. 2013). However, in other cases, the appellate court may need to remand to

the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness," *Commonwealth v. Hall*, 872 A.2d 1177, 1182 (Pa. 2005); however, where there are "material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]" *Commonwealth v. Grant*, 813 A.2d 726, 740 n.2 (Pa. 2002) (Saylor, J., concurring).

*Id.* at 402. We also stated that [Pa.R.A.P.] 302(a), which provides that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal," Pa.R.A.P. 302(a), "does not pertain to these scenarios." *Id.* at 405.

*Commonwealth v. Parrish*, 273 A.3d 989, 1002 (Pa. 2022) (some brackets omitted; citations modified).

Instantly, the PCRA court did not order Appellant to file a Rule 1925(b) statement. Under these circumstances, we conclude Appellant "adequately raised and preserved his layered claim[s] of the ineffective assistance of [T]rial … [C]ounsel by raising [them] at the first opportunity to do so, specifically in … his brief filed with this Court in this appeal." *Id.* at 1002.

Appellant claims, for the first time on appeal, that PCRA Counsel was ineffective for failing to raise three separate issues regarding Trial Counsel's ineffectiveness. Appellant claims Trial Counsel was ineffective for failing to (1) object when the trial court provided a "faulty" jury instruction with respect to the second-degree murder charge; (2) object when the trial court instructed the jury on first-degree murder, where Appellant was not charged with that

crime; and (3) preserve a claim that Appellant's Pa.R.Crim.P. 600 speedy trial rights were violated. *See* Appellant's Brief at 15-24.

In his first issue, Appellant contends that

PCRA Counsel was ineffective for failing to raise in the initial PCRA petition that [T]rial [C]ounsel was ineffective for failing to object when the trial court provided a faulty reasonable doubt second-degree murder instruction[,] as such shifted the burden and relieved the Commonwealth of their duty to prove each and every element beyond a reasonable doubt.

*Id.* at 16; *see also* N.T., 5/10/18, at 146, *supra* (jury instruction). Appellant contends "the jury instruction was deficient, or at the very least ambiguous…." *Id.* at 18.

Appellant presents a "layered" ineffectiveness claim with respect to PCRA Counsel. "[I]n order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must plead, present and prove" the ineffectiveness of appellate/PCRA counsel, which necessarily reaches back to the actions of trial counsel. *Commonwealth v. McGill*, 832 A.2d 1014, 1022 (Pa. 2003) (emphasis omitted). We are mindful that "counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted); *see also Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014) (to establish prejudice, a petitioner must show that absent counsel's conduct, there is a "reasonable probability" that the outcome of the

proceedings would have been different). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Id.* Finally, when "evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." *Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) (citation and quotation marks omitted).

Where a party challenges the propriety of a jury instruction, an appellate Court must review

> the relevant portion of the trial court's charge in context, as a whole, and mindful of the trial court's broad discretion in phrasing jury instructions as well as the principle that unless a particular instruction is fundamentally erroneous or would have "misled or confused the jury" no relief is due.

*Commonwealth v. Simpson*, 66 A.3d 253, 268 (Pa. 2013) (citation omitted). In reviewing a challenge to jury instructions, "an appellate court must consider the charge in its entirety, rather than discrete portions of the instruction." *Commonwealth v. Montalvo*, 244 A.3d 359, 368 (Pa. 2021). "Where an instruction is alleged to be ambiguous, the standard for review is whether there is a reasonable likelihood that the jury applied it in a manner that violates the Constitution." *Commonwealth v. Markman*, 916 A.2d 586, 613 (Pa. 2007).

This Court addressed a similar scenario in **Commonwealth v. Coon**, 26 A.3d 1159 (Pa. Super. 2011). The PCRA petitioner in **Coon** claimed her trial counsel was ineffective for failing to object to a jury instruction which, she alleged, improperly "placed the burden on her" to essentially disprove the Commonwealth's theory of the case. **Id.** at 1165; **see also id.** (detailing jury instruction). This Court affirmed the PCRA court's rejection of the claim, finding "[n]othing about the [] instructions placed the burden of proof on" the petitioner. **Id.** We further observed,

> **elsewhere in the jury charge, the court properly instructed the jurors that [the petitioner] was presumed innocent and that it was the Commonwealth who bore the burden to prove her guilty**. We evaluate jury instructions as a whole, and we assume jurors follow those instructions. **Commonwealth v. Natividad**, … 938 A.2d 310, 326 n.9 (Pa. 2007). Upon considering [the petitioner's] claim in light of the entire charge, we simply see no reason to find the challenged instructions erroneous. Consequently, [the petitioner] has failed to persuade us counsel should have objected to those instructions. Therefore, [she] has not demonstrated counsel was ineffective.

**Coon**, 26 A.3d at 1166 (emphasis added).

In Appellant's case, like **Coon**, "elsewhere in the jury charge, the [trial] court properly instructed the jurors that [Appellant] was presumed innocent and that it was the Commonwealth who bore the burden to prove [him] guilty." **Id.** Thus, the challenged jury instruction, viewed as a whole, did not illegally shift the burden of proof from the Commonwealth to Appellant, nor was it so "fundamentally erroneous" as to have "misled or confused the jury[.]" **Simpson**, **supra**. There is no reasonable likelihood that the jury

applied the jury instruction "in a manner that violates the Constitution." ***Markman***, ***supra***.

Even if the trial court erred in instructing the jury on second-degree murder, the error would be harmless. The Pennsylvania Supreme Court has explained:

> The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial. We have described the proper analysis as follows:
>
> > Harmless error exists if the record demonstrates either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Hairston***, 84 A.3d 657, 671-72 (Pa. 2014) (citations and quotations omitted); ***see also Commonwealth v. Noel***, 104 A.3d 1156, 1169 (Pa. 2014) ("If a trial error does not deprive the defendant of the fundamentals of a fair trial, his conviction will not be reversed." (citation omitted)).

Here, any prejudice caused by the trial court's jury instruction would have been *de minimis*, as "the uncontradicted evidence of [Appellant's] guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." ***Hairston***, 84 A.3d at 672. In deciding Appellant's direct appeal, this Court

recounted the evidence and rejected Appellant's claim that the evidence was insufficient to sustain his second-degree murder conviction. *See Johnson*, 236 A.3d at 1152-53. Indeed, the record reflects that the Commonwealth presented overwhelming evidence of Appellant's guilt. *See Commonwealth v. Bishop*, 936 A.2d 1136, 1140 (Pa. Super. 2007) (stating that where "evidence of guilt is overwhelming, counsel's purported ineffectiveness fails the prejudice prong" of the test) (citation omitted). Appellant's first issue does not merit relief.

Appellant next raises a layered ineffectiveness claim based on Trial Counsel's failure "to object when the trial court erroneously instructed the jury on … first-degree murder when in fact, [Appellant] was not charged with first-degree murder." Appellant's Brief at 19. Appellant specifically references the trial court stating to the jury:

> So, remember, the only way that you could possibly find [Appellant] guilty of First[-]Degree Murder is, first, you would have to find that Mr. Cassel intended to kill Mr. Gordon with the specific intent and that either there was an object of a conspiracy, a specific conspiracy to kill Mr. Gordon, or [Appellant] evidenced his intent to kill, specific intent to kill, by acting as an accomplice.

*Id.* at 19-20 (quoting N.T., 5/10/18, at 142).

Appellant concedes the trial court subsequently corrected the above statement, and advised the jury that Appellant was "**not** charged with First Degree Murder. ... So, for [Appellant,] you don't even look for First Degree Murder." Appellant's Brief at 20 (quoting N.T., 5/10/18, at 157 (emphasis added)). It is well established that a jury is presumed to follow a trial court's

instructions. ***Commonwealth v. Speight***, 854 A.2d 450, 458 (Pa. 2004). Thus, Trial Counsel, in not objecting to the trial court's incorrect statement which the court remedied shortly thereafter, was not ineffective. Even assuming, *arguendo*, that the trial court erred, the error would be harmless and not warrant relief. ***See Hairston***, ***supra***; ***Bishop***, ***supra***.

In his third and final issue, Appellant presents a layered ineffectiveness claim based on Trial Counsel's failure to challenge the Commonwealth's alleged violation of Appellant's right to a speedy trial pursuant to Pa.R.Crim.P. 600. ***See*** Appellant's Brief at 20-24; ***see also*** Pa.R.Crim.P. 600(A)(2)(a) ("Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."). According to Appellant, the "Commonwealth did not act with due diligence in this matter as [Appellant's] trial commenced, collectively[,] three [] years, three [] months, and eight [] days after he was charged." Appellant's Brief at 24.

The Pennsylvania Supreme Court has explained:

> To determine whether Rule 600 has been violated, a "court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed," and then must "account for any 'excludable time' and 'excusable delay.'" ***Commonwealth v. Goldman***, … 70 A.3d 874, 879 (Pa. Super. 2013). "For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

- 14 -

To this end, Rule 600 establishes two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be caused by the Commonwealth; and (2) the Commonwealth must have failed to exercise due diligence. Otherwise, the delay is excluded from the calculation of the run date. Put differently, where delay is not caused by the Commonwealth or delay caused by the Commonwealth is not the result of lack of diligence, it must be excluded from the computation of the Rule 600 deadline.

*Commonwealth v. Johnson*, 2023 WL 2146502, at *6 (Pa. 2023).

Further, this Court has explained that where a PCRA petitioner,

upon collateral review[] is attempting to demonstrate trial counsel was ineffective for failing to pursue a Rule 600 claim[, the petitioner] bears both the burden of demonstrating there was arguable merit to his motion, and he was prejudiced by the failure of trial counsel to pursue the motion. *See Commonwealth v. Natividad*, … 938 A.2d 310, 322 (Pa. 2007) ("A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.").

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019).

Here, the Commonwealth argues:

[Appellant] failed to show that he was not tried within the time period contemplated by Rule 600 and that any delays attributable to the Commonwealth were caused by a lack of due diligence on its behalf. *See Commonwealth v. Snyder*, 250 A.3d 1253, 1259–60 ([Pa. Super.] 2021) (explaining that any delay in the commencement of trial that is not attributable to the Commonwealth when it has exercised due diligence cannot be counted against the Commonwealth). Rather, [Appellant] makes a *per se* argument based on the mechanical [run] time between [his] arrests and trial alone. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) ("A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness"). [Appellant] simply fails to proffer any evidence that he would have been entitled to relief if a [Rule 600] motion ha[d] been litigated. *See Commonwealth v. Wiggins*, 248 A.3d 1285, 1290 (Pa. Super. 2021) (holding that "in order to justify a hearing on his claims,

[an appellant] must assert facts that create a material dispute" and that failing to include citations to the record or provide evidence that the Commonwealth failed to exercise due diligence does not meet that burden); *see also Maddrey*, 205 A.3d at 328 (holding that "without any argument from [a]ppellant setting forth any facts at all[,]" the court could not grant relief).

Commonwealth Brief at 12-13. We agree with the Commonwealth, as its reasoning is supported by the record and applicable law. Appellant's bald assertions are insufficient to prove Trial Counsel's ineffectiveness as it relates to Rule 600. *See*, *e.g.*, *Maddrey*, *supra*, and *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*) (this Court will not develop an argument for an appellant, "nor shall we scour the record to find evidence to support an argument."); *cf. Parrish*, 273 A.3d at 1007 (remanding for PCRA court to hold evidentiary hearing for development of ineffective assistance of PCRA counsel claims which petitioner raised for first time on appeal).

In sum, we affirm the PCRA court's dismissal of Appellant's petition as our review reveals there is no merit to his claims of ineffective assistance of counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023