J-S21029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ANDREW DOLL | : | |
| | : | |
| Appellant | : | No. 1659 MDA 2022 |

Appeal from the PCRA Order Entered November 2, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001117-2018

BEFORE:   BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED AUGUST 08, 2023**

Appellant James Andrew Doll appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that his trial counsel[2] was ineffective for failing to argue that Appellant's then-wife did not have authority to consent to the search of Appellant's computers.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See Commonwealth v. Doll***, 2074 MDA 2019, 2020 WL 5888194, at *1-3 (Pa. Super. filed Oct. 5, 2020) (unpublished mem.).  Briefly, on August 4, 2017, the Pennsylvania State Police executed a search warrant at Appellant's home for computers and other electronic devices that may contain child

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Steve Rice, Esq. (trial counsel) represented Appellant at the suppression hearing, the guilty plea and sentencing hearing, and on direct appeal.

pornography. At that time, Appellant's then-wife was present in the home and she consented to both the seizure of Appellant's electronic devices and the search of their contents. As a result of the search, Appellant was subsequently charged with child pornography and related offenses.

Appellant filed a motion to suppress the nine videos that the police recovered from the seized computers, which the trial court denied. Appellant subsequently entered a conditional guilty plea to nine counts of child pornography, and one count each of aggravated indecent assault: complainant less than 16 years of age, aggravated assault without consent, indecent assault: complainant less than 16 years, indecent assault without consent, interception of communications, and corruption of minors.[3] As part of his plea agreement, Appellant reserved his right to appeal the denial of his suppression motion. On December 4, 2019, the trial court sentenced Appellant to an aggregate term of seven to twenty-one years' incarceration.

Appellant filed a direct appeal challenging the denial of his suppression motion on several grounds. Among other things, Appellant argued that the suppression court erred in concluding that his wife had authority to consent to the seizure of Appellant's electronic devices and the search of their contents. *See id.* at *3-4. On appeal, a prior panel of this Court concluded that the suppression court did not err in denying Appellant's motion, albeit on different grounds, and affirmed his judgment of sentence. *See id.* at *4-9,

---

[3] 18 Pa.C.S. §§ 6312(d); 3125(a)(1); 3125(a)(8); 3126(a)(1); 3126(a)(8); 5703(1); and 6301(a)(1)(ii), respectively.

- 2 -

*6 n.7. Specifically, this Court concluded that Appellant's wife had actual authority to consent to the search of the computers because Appellant and his wife "generally shared joint access to and control over the house and the electronics. Although some computers were used primarily by [Appellant], the record reflects that [Appellant's wife] always had access." **See id.** at *6 (citations omitted and formatting altered). The Court also concluded that Appellant's wife had apparent authority to consent to the searches. **See id.** at *6 n.8 (noting that this Court "need not fully address the issue of apparent authority[,]" but stating that it "would also conclude that, based on the testimony presented at the suppression hearing, the officers could reasonably believe that [Appellant's wife] had apparent authority to provide consent" (citations omitted)). After this Court affirmed Appellant's judgment of sentence, Appellant did not seek further review with our Supreme Court.

On June 28, 2021, Appellant filed a timely, counseled PCRA petition in which he argued that trial counsel was ineffective for failing to argue that Appellant's then-wife lacked authority to consent to the seizure and search of the computers because these items were Appellant's personal property and not marital property. **See** PCRA Pet., 6/28/20, at ¶¶ 15-22, R.R. at 45a-47a.[4]

On May 13, 2022, the PCRA court held an evidentiary hearing. Marvin Doll, Appellant's father, testified that he had given a desktop computer to Appellant as a gift and that Appellant inherited the laptop computer from his

---

[4] We may cite to the reproduced record for the parties' convenience.

uncle. N.T. PCRA Hr'g, 5/13/22, at 5-11. Appellant corroborated this testimony. *Id.* at 14. Appellant further testified that he sent a letter to trial counsel informing him that these computers were his personal property and not marital property. *Id.* at 14-17. Trial counsel testified that he believed that the controlling issue for the suppression motion was whether Appellant's wife had the authority to consent to the search, and not the status of the computers as personal or marital property. *Id.* at 33-34. Trial counsel explained that the prior panel of this Court agreed by concluding that the computers' status as marital property was a not controlling issue, even though the prior panel affirmed the suppression order. *Id.* at 31-32, 34.

On November 2, 2022,[5] the PCRA court issued an opinion and order denying Appellant's PCRA petition. Therein, the PCRA court reiterated that a prior panel of this Court concluded that Appellant's then-wife had common authority over the marital home, and that therefore, she had the authority to consent to search and seizure of the electronic devices in the home. *See* PCRA Ct. Op. & Order, 11/2/22, at 5 (citing *Doll*, 2020 WL 5888194, at *6 & n.7). Accordingly, the PCRA court concluded that Appellant failed to establish

---

[5] We note that the PCRA court's opinion and order was time-stamped and entered on the docket on November 1, 2022, but the docket entries reflect that the PCRA court served Appellant with a copy of this order on November 2, 2022. *See Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (stating that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket" (citations omitted)); *see also* Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1). We have amended the caption accordingly.

the arguable merit prong of the ineffective assistance of counsel test. **See id.**; **see also id.** at 5-7 (concluding that Appellant also failed to establish the reasonable basis and prejudice prongs).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a Rule 1925(a) opinion adopting the reasoning of its November 2, 2022 opinion and order. **See** PCRA Ct. Op., 12/19/22, at 1-3.

On appeal, Appellant raises the following issues for review:

1. Did the [PCRA c]ourt err and commit an abuse of discretion in dismissing [Appellant's PCRA petition] based upon a finding that the claim lacked arguable merit and did not result in prejudice based on footnotes from the Superior Court's [memorandum] on direct appeal because the footnotes were *dicta* and decided an issue which the parties had not argued or briefed, and thus was not controlling authority?

2. Did the [PCRA c]ourt err and commit an abuse of discretion in dismissing the PCRA [petition] due to finding that [trial counsel] had a reasonable strategic basis to not seek to reopen the record or reconsideration based upon evidence brought to the attention of [trial counsel] after the suppression hearing which refuted the notion that Appellant's [then-]wife had actual authority to consent to the search and seizure of computers alleged to contain evidence and contraband, and which undermined the repeated legal conclusions of the suppression court, because there would be nothing improper about seeking to reopen the record before the decision was made or seeking reconsideration after it was made, and failing to do so denied [Appellant] the ability to litigate this issue?

Appellant's Brief at 5.

Appellant's issues are related, therefore we address them together. First, Appellant argues that trial counsel was ineffective for failing to present

evidence at the suppression hearing (or in a motion for reconsideration) to establish that Appellant's computers were his personal property, and not marital property. *Id.* at 12-18. In support, Appellant claims that he informed trial counsel that the computers were gifts, which are not marital property. *Id.* at 13 (citing 23 Pa.C.S. § 3501(a)(3); *Anzalone v. Anzalone*, 835 A.2d 773 (Pa. Super. 2003); *Smith v. Smith*, 653 A.2d 1259 (Pa. Super. 1995)). However, Appellant notes that trial counsel declined to make the argument at the suppression hearing that the computers were Appellant's personal property, and instead argued that Appellant's then-wife lacked authority to consent to a search of those computers, even if the devices were marital property. *Id.* at 14.

Appellant explains that after the suppression hearing, but before the suppression court rendered its decision, Appellant provided trial counsel with evidence to show that the computers were gifts. *Id.* at 13-14, 18. Appellant contends that trial counsel failed to supplement the record with this evidence before the suppression court announced its decision or to present this evidence in a motion for reconsideration of the order denying his suppression motion. *Id.* at 14, 16.

Appellant asserts that his claim has arguable merit because the suppression court ultimately denied relief based on its conclusion that the computers were marital property and trial counsel had no reasonable basis for failing to contest that conclusion. *Id.* at 16-18. Additionally, Appellant contends that he was prejudiced by trial counsel's error because Appellant

would not have pled guilty if the trial court had granted his motion to suppress. *Id.* at 14-15.

Appellant also argues that the PCRA court erred by relying on *dicta* in this Court's memorandum decision addressing Appellant's direct appeal to conclude that Appellant's ineffectiveness claim lacked arguable merit. *Id.* at 15. Specifically, Appellant contends that the PCRA court cited footnotes in which the prior panel determined that the police could have reasonably believed that Appellant's then-wife had apparent authority to consent to a search of the computers. Appellant claims that this conclusion was *dicta* because the issue of his then-wife's apparent authority to consent to a search had not been raised on appeal, the parties had not briefed that issue, and this Court "acknowledged [that conclusion] to be *dicta* and the issue was 'not fully address[ed].'" *Id.* (quoting *Doll*, 2020 WL 5888194, at *6 n.8).

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). This Court applies a *de novo* standard of review to the PCRA court's legal determinations. *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken

- 7 -

place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Sandusky*, 203 A.3d at 1043-44 (citations omitted and formatting altered).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit. Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Bickerstaff*, 204 A.3d 988, 992 (Pa. Super. 2019) (citations omitted and formatting altered).

The law of the case doctrine is "a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." **Commonwealth v. Fears**, 86 A.3d 795, 815 n.23 (Pa. 2014) (citation and quotation marks omitted).

In the PCRA context, our Supreme Court has recognized that although claims of ineffective assistance of counsel "are distinct from those claims that are raised on direct appeal[,]" an ineffectiveness claim "may fail on the arguable merit or prejudice prong[s] for the reasons discussed" by our appellate courts in addressing the merits of the underlying claim on direct appeal. **Commonwealth v. Collins**, 888 A.2d 564, 573 (Pa. 2005); **see also Bickerstaff**, 204 A.3d at 993-94 (concluding that the defendant's claim that trial counsel was ineffective for failing to conduct an adequate investigation into a witness lacked arguable merit because this Court had concluded on direct appeal that the defendant's claim of after-discovered evidence regarding the same witness was meritless); **Commonwealth v. Coon**, 26 A.3d 1159, 1164 (Pa. Super. 2011) (explaining that this Court's prior ruling that a missing evidence jury instruction was not warranted was the law of the case and the defendant was not entitled to relief on a claim of ineffective assistance of counsel for failing to request that jury instruction).

It is well-established that "*dicta* is generally regarded as information in an opinion which is not necessary to the determination of the case." **BouSamra v. Excela Health**, 210 A.3d 967, 976 n.5 (Pa. 2019) (citation and

quotation marks omitted); *see also In re Kenin's Trust Estate*, 23 A.2d 837, 842 (Pa. 1942) (explaining that "[t]he decision in [a] case must be interpreted in the light of the facts of that case. . . . [I]n every case what is actually decided is the law applicable to the particular facts; all other legal conclusions therein are but *obiter dicta*" (citations and quotation marks omitted)). However, our Supreme Court has also explained that "where a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of *obiter dictum*." *Commonwealth v. Reed*, 971 A.2d 1216, 1220 (Pa. 2009) (citation and some formatting omitted). In *Reed*, the defendant argued in his PCRA petition that appellate counsel was ineffective for failing to develop his claim that the trial court erred by admitting evidence of the defendant's prior bad acts on direct appeal. *Id.* at 1219-20. However, on direct appeal, this Court found that the defendant's prior bad acts claim was waived, but this Court also addressed that claim on the merits. *Id.* Therefore, our Supreme Court held that this Court's alternative holding that concerning the merits of defendant's prior bad acts claim "was a valid holding that constitutes the law of the case, constraining" this Court on PCRA review. *Id.* at 1220 (citation and footnote omitted); *see also id.* at 1227.

Here, the PCRA court explained:

> [Appellant] has not met the first prong of the *Strickland*/*Pierce*[6] analysis — that the underlying legal claim has arguable merit. Although the suppression court based its

---

[6] *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

determination of the suppression motion on the foundation that the devices were marital property, the Superior Court, while reaching the same result, did not. Rather, the Superior Court found that "[b]ased on the totality of circumstances, . . . [Appellant's spouse] possessed common authority over the marital home and the electronics at issue, and therefore had authority to consent to the search and seizure." [**Doll**, 2020 WL 5888194, at *6] (internal citations omitted). In a footnote contained in its [memorandum], the Superior Court explained that although the suppression court's reasoning was grounded on [Appellant's] spouse possessing authority to consent based on the devices being marital property, it reached the same conclusion for reasons not considered by the suppression court, which a reviewing court may do. **See id.** at [*6 n.7]. Accordingly, we find that even if [trial] counsel had managed to place the marital status of the two computers before the suppression court and/or the Superior Court, the outcome would not have changed. Therefore, the underlying legal argument lacks merit.

PCRA Ct. Op. & Order, 11/2/22, at 5 (some citations omitted).

Based on our review of the record, we find that the PCRA court's conclusions are based on the record and are free of legal error. **See Sandusky**, 203 A.3d at 1043. First, the record belies Appellant's claim that the issue of apparent authority was not before the prior panel of this Court. **See Doll**, 2020 WL 5888194, at *4 (stating that "[Appellant] asserts that [Appellant's then-wife] lacked **apparent authority** to consent to the search" (citation omitted and emphasis added)). As previously noted, the prior panel of this Court determined that Appellant's wife had both actual and apparent authority to consent to the search of Appellant's computers. **See id.** at *4-6, *6 nn.7-8. The prior panel did not indicate that its alternative holding regarding apparent authority was *dicta*. **See id.** Because the prior panel's decision rests on two equally valid grounds, neither can be considered *dicta*

- 11 -

and both constitute the law of the case. *See Reed*, 971 A.2d at 1220; *cf.*

*BouSamra*, 210 A.3d at 976 n.5 (explaining that *dicta* is "information in an

opinion which is not necessary to the determination of the case" (citation and

quotation marks omitted)). Therefore, pursuant to the law of the case

doctrine, Appellant's underlying claim that his then-wife lacked authority to

consent to the search of the computers because they were not marital

property lacks arguable merit.[7] *See Reed*, 971 A.2d at 1220, 1227; *see also*

*Collins*, 888 A.2d at 573; *Bickerstaff*, 204 A.3d at 993-94; *Coon*, 26 A.3d

_____

[7] Additionally, even if the law of the case doctrine did not apply here, Appellant's ineffectiveness claim lacks arguable merit. The United States Supreme Court has explained:

> Common authority is, of course, not to be implied from the mere property interest a third party has in the property. **The authority which justifies the third-party consent does not rest upon the law of property**, with its attendant historical and legal refinements, **but rests rather on mutual use of the property by persons generally having joint access or control for most purposes**, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*United States v. Matlock*, 415 U.S. 164, 171 n.7 (1974) (citations omitted and emphases added); *see also Commonwealth v. Basking*, 970 A.2d 1181, 1188 (Pa. Super. 2009) (explaining that "the concept of common authority is based on mutual use of the property rather than a mere property interest" (citations omitted and formatting altered)). Therefore, even if Appellant could establish that the computers were his personal property, he would not be entitled to relief because his wife had access to the computers and Appellant provided her with the password to computers when she needed to use them. *See Doll*, 2020 WL 5888194, at *5. Trial counsel cannot be deemed ineffective for failing to meritless claim. *See Bickerstaff*, 204 A.3d at 992.

at 1164.  For these reasons, Appellant is not entitled to relief on his claims.

Accordingly, we affirm.

Order affirmed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/08/2023